IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-01387-WYD-MEH

MONTY P. NICHOLS and CLARA L. NICHOLS,

      Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA,
COLORADO,

      Defendant.

---

## ORDER

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant's Motion and Memorandum

Brief in Support of Summary Judgment [# 42], filed October 31, 2005;  Plaintiffs'

Response in Opposition to Defendant's Motion and Memorandum Brief for Summary

Judgment [# 53], filed on December 8, 2005; and Defendant's Reply in Support of

Motion for Summary Judgment [# 57], filed on January 10, 2006.  In their Response,

Plaintiffs voluntarily withdrew their equal protection claim, as well as their procedural

and substantive due process claims as they related to the September 15, 2003,

application to modify their special use permit and hearing on the same.  The only

claims before the Court are Plaintiffs' procedural due process and substantive due

process claims with respect to the February 4, 2004, request to modify their special use

permit and the hearing on the same.

II.    BACKGROUND

Plaintiffs, the Nichols, bring their claims under 42 U.S.C. § 1983 alleging that

Defendant, the Board of County Commissioners of La Plata County, violated their

constitutional rights with respect to a certain land-use permitting decision made by

Defendant.  Specifically, Plaintiffs complain that on February 4, 2004, Defendant

refused to modify their existing special use permit, resulting in both substantive and

procedural due process violations.

Plaintiffs are owners of the Bueno Tiempo Ranch located in La Plata County,

Colorado, which is subject to the Code of La Plate County ("the Code").  Def.'s Mot. at

2, ¶¶ 1–2; Pls.' Resp. at 3, ¶ 1–2.  The ranch is specifically located within the River

Corridor and Five Acre Residential zone districts.  Def.'s Mot. at 2, ¶ 4; Pls.' Resp. at 3,

¶ 4.  Commercial mining operations are not allowed within these zoned districts.  Def.'s

Mot. at 3, ¶ 8; Pls.' Resp. at 3, ¶ 8.

In 2002, Plaintiffs desired to construct a pond or lake on the Bueno Tiempo

Ranch and were interested in selling the top soil removed during the construction

process; an agent of the Plaintiffs' approached the Planning Director about this.  Def.'s

Mot. at 5, ¶ 18; Pls.' Resp. at 3, ¶ 18.  After being advised that a gravel or top-soil

business would not be permitted with the zoning districts but that the temporary sale of

top soil in connection with pond construction may be considered temporary accessory

use and subject to a special use permit if approved by the Board, Plaintiffs applied for a

special use permit for the construction of a 8-10 acre lake and sought to sell material

from the lake offsite.  Def.'s Mot. at 5, ¶¶ 19–21; Pls.' Resp. at 3, ¶¶ 19–21.  A special

use permit is discretionary, because it may only be granted after a site plan and

compatibility study demonstrate the proposal will not be a detriment to the character of

the Animas Valley and that it will comply with the standards for a Class II permit.  Def.'s

Mot. at 3, ¶ 9 (citing the Code at §§ 106-112(b)(7) & (9); 82-4(b)(3); 82-126–191); Pls.'

Resp. at 3, ¶ 9.  After completing the County hearing process, the Board of County

Commissioners approved the special use permit for Plaintiff's pond construction with a

number of limitations.  Def.'s Mot. at 5, ¶ 22; Pls.' Resp. at 3, ¶ 22.  On June 20, 2003,

Plaintiffs asked the County to modify the permit conditions that limited screening,

stockpiling, and sale of the excavated material and to extend the duration for the pond

project in order to expand their topsoil and sand operations.  Def.'s Mot. at 6, ¶ 24; Pls.'

Resp. at 3, ¶ 24.  In response to the request for modification, the Planning Staff

recommended that the pond excavation conditions not be changed except to allow

overnight process piles on site to allow the materials be drained prior to transportation.

Def.'s Mot. at 6, ¶ 25; Pls.' Resp. at 3, ¶ 25.  On September 15, 2003, the Board of

County Commissioners followed the Staff's recommendation with respect to the

excavation condition—not changing the duration of the project or the prohibitions on

screening.  Def.'s Mot. at 6, ¶ 26; Pls.' Resp. at 3, ¶ 26.  Plaintiffs did not appeal that

decision.  Def.'s Mot. at 7, ¶ 29; Pls.' Resp. at 3, ¶ 28.

On February 4, 2004, Plaintiffs again sought a similar modification from the

County.  Def.'s Mot. at 7, ¶ 29; Pls.' Resp. at 3, ¶ 29.  While Plaintiffs' operating

conditions had not changed, they sought similar conditions to those that had been

negotiated with George VanDenBerg, who also owns property within the River Corridor and Five Acre Residential Zone and had recently entered into a settlement agreement with the County regarding the sale of top soil from a pond construction project on his property.  Def.'s Mot. at 4, ¶ 11 and 7, ¶ 31; Pls.' Resp. at 3, ¶¶ 11, 31.  The Planning Staff expressed their opinion that the VanDenBerg settlement had nothing to do with the Bueno Tiempo land-use approval and recommended a denial of the request because it would allow a prohibited top soil mining operation under the zoning code and because no new circumstances warranted revision of the permit.  Def.'s Mot. at 8, ¶ 32; Pls.' Resp. at 4, ¶ 32.  The Board of County Commissioners then took the matter off the agenda because they viewed it as a reiteration of Plaintiffs' previous permit request and believed they had no new information to warrant reconsideration.  Def.'s Mot. at 8, ¶ 33; Pls.' Resp. at 4, ¶ 33.  This decision was not appealed by Plaintiffs.  Def.'s Mot. at 8, ¶ 34; Pls.' Resp. at 4, ¶ 34.

Plaintiffs now argue that while "the County had some discretion in determining the parameters that distinguished an allowable incidental sale of material from a prohibited commercial operation," that discretion "dissolved" following the County's settlement with Vandenberg.  Pls.' Resp. at 2.  Plaintiffs state the settlement established objective criteria to determine whether a landowner's operation was noncommercial.  *Id.*  Plaintiffs ultimately argue that they had a protected property interest with respect to their request to modify their special use permit and that this property interest entitled them to protection under the Due Process Clause.

III.   STANDARD OF REVIEW

Pursuant to Federal Rules of Civil Procedure Rule 56(c), the Court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  When applying this standard, the Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-moving party.  *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotations omitted).

IV.   ANALYSIS

At issue is whether Plaintiffs have a property interest entitling them to protection under the Due Process Clause.  As the Tenth Circuit has noted, "[T]o prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property interest."  *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000).  Within the meaning of the Fourteenth Amendment's Due Process Clause, property requires "a 'legitimate claim of entitlement' to some benefit."  *Id.* (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  "In municipal land use regulation cases such as this, the entitlement analysis presents a question of law and focuses on 'whether there is discretion in the defendants to deny a zoning or other application filed by the plaintiffs.'"  *Id.* (quoting

*Norton v. Village of Corrales*, 103 F.3d 928, 931-32 (10th Cir. 1996)).  The focus

"centers on the degree of discretion given the decisionmaker and not on the probability

of the decision's favorable outcome."  *Id.* (quoting *Jacobs, Visconsi & Jacobs, Co. v.*

*City of Lawrence*, 927 F.2d 1111, 1116 (10th Cir.1991)).  In *Hyde Park*, the court noted

that the plaintiff was required to "show that under the applicable law, the City Council

had limited discretion to disapprove the proposed plat.  'Otherwise, the city's

decisionmaking lacks sufficient substantive limitations to invoke due process

guarantees.'"  *Id.* (quoting *Jacobs, Visconsi & Jacobs, Co.,* 927 F.2d at 1116).

   The parties agree that the Animas Valley Land Use Plan contains discretionary

criteria for the approval of a special use permit.  Def.'s Mot. at 3, ¶ 9 (citing Code at §

106-112(b)(7) and (d)); Pls.' Resp. at 3, ¶ 9.  The Code states that special use permits

are subject to the planning commission and board of county commissioners'

determination "that the proposal will not be a detriment to the character of the Animas

Valley."  Code at § 106-112(b)(7).  Plaintiffs, however, argue that the settlement

agreement entered into between the County and VanDenBerg in November 2003

dissolved the County of its discretion.  Defendant posits that "the Settlement Agreement

cannot be equated to an amendment of the County's special use approval criteria as

the Nichols suggest.  The conditions in the Settlement Agreement are subjective

criteria developed specifically in response to the VanDenBerg property as a result of

the VanDenBerg lawsuit."  Def.'s Reply at 9.

   Because the parties do not dispute that the Animas Valley Land Use Plan

contains discretionary criteria for the approval of a special use permit and only

disagree as to what effect the VanDenBerg settlement had on the Board's discretion, the real issue before me is whether the VanDenBerg settlement changed the otherwise discretionary nature of the issuance of a special use permit.  I conclude that there is no legal or factual support for Plaintiffs' argument that the County's settlement with VanDenBerg created a benefit for Plaintiffs or changed the County's criteria for determining what constitutes noncommercial sale of material extracted from pond construction.  Plaintiffs were not parties to the settlement agreement nor were they third party beneficiaries.  Further, there is no evidence that the County intended the terms and conditions of the settlement agreement to be used by other special use permit applicants or to modify the procedures and policies related to special use permitting.  I find the same is true of the consent decree, which was simply the county court's adoption of the parties' settlement agreement.

To the extent that Plaintiffs argue that the consent decree created objective criteria on which they could rely in modifying their existing special use permit under the doctrine of offensive or non-mutual collateral estoppel, I also find this argument unavailing.  In support of their position, Plaintiffs allege that Defendant previously litigated the issue that is now before this Court.  Accordingly, Plaintiffs urge this Court to bar Defendant from relitigating the same issue and point to the settlement agreement and subsequent consent decree as evidencing a final judgment.

Collateral estoppel bars relitigation of an issue determined in a prior proceeding if: (1) the issue in the later proceeding is identical to an issue actually litigated and necessarily adjudicated in prior proceedings; (2) the party against whom estoppel is

sought was a party or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceedings; and (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *M&M Mgmt. Co. v. Industrial Claim Appeals Office*, 979 P.2d 574, 576 (Colo. Ct. App. 1998). For the reasons articulated in Defendant's Reply, I find that collateral estoppel is not applicable here. *See* Def.'s Reply at 10–15.

Further, there is ample support for the proposition that a settlement or consent decree is not a judicial determination of the issues raised in the action and should not have preclusive effect. In *In re Young*, the Tenth Circuit noted that while it looks to state law to determine the preclusive effect of a state court consent judgment in a bankruptcy proceeding, "this circuit has recognized 'that consent decrees are of a contractual nature and, as such, their terms may alter the preclusive effects of a judgment.'" *In re Young*, 91 F.3d 1367, 1376 (10th Cir. 1996)(quoting *May v. Parker-Abbott Transfer & Storage, Inc.*, 899 F.2d 1007, 1010 (10th Cir. 1990)). The courts of Colorado have not spoken to this issue. However, I find persuasive the reasoning of courts in other jurisdictions that have determined that collateral estoppel should not apply to settlements and consent decrees. For instance, the Court of Appeals of New Mexico noted that "most courts that have addressed the issue appear to have adopted the view that a consent judgment . . . is not a judicial determination of the issues raised in the action, but is primarily a reflection of the settlement agreement between the parties." *Pope v. The Gap, Inc.*, 961 P.2d 1283, 1290 (N.M. Ct. App. 1998)(citing eight cases for this proposition). The Supreme Court of Wyoming has also found that

consent judgments do not ordinarily support issue preclusion, reasoning that "[a]pplication of the doctrine absent an intent to be bound in subsequent proceedings would act as a deterrent to voluntary settlements." *Amoco Prod. Co. v. Board of County Comm'rs of County of Sweetwater*, 55 P.3d 1246, 1251 (Wyo. 2002).

For the reasons stated above, I conclude, as a matter of law, that in light of Defendant's discretion to issue and modify a special use permit, Plaintiffs do not possess a constitutionally protected property right. *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000). Accordingly, Plaintiffs' substantive due process claim and procedural due process claim fail as a matter or law.

V.     CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion and Memorandum Brief in Support of Summary Judgment is **GRANTED**. It is

FURTHER ORDERED that because there are no remaining claims in this matter, the Final Trial Preparation Conference, scheduled for March 23, 2007, at 3:00 p.m., and the eight-day jury trial, scheduled to commence on April 9, 2007, are hereby **VACATED**.

Dated:  September 25, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge